Kyle T. Cutts (Cal. Bar No. 257641)
kcutts@bakerlaw.com
**BAKER & HOSTETLER LLP**
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.861.7576

*Attorneys for Defendant*
MEDICAL EYE SERVICES, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADFORD BOSLEY AND PATRICIA BOSLEY, and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE doing business as BLUE SHIELD OF CALIFORNIA and MEDICAL EYE SERVICES, INC. doing business as MESVision,<br><br>Defendants. | Case No.: **'24CV0229 WQHKSC**<br><br>*[San Diego County Superior Court Case No. 37-2023-00054940-CU-CO-CTL]*<br><br>**DEFENDANT MEDICAL EYE SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>Action Filed:     12/19/2023<br>Complaint Served: 1/3/2024 |

**TO THE CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Medical Eye Services, Inc. ("Defendant" or "MESVision"), by and through its undersigned counsel, hereby removes the above-captioned action currently pending in the Superior Court of the State of California in and for the County of San Diego County (the "State Court") to the United States District Court for the Southern District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). In support of its Notice of Removal, Defendant states as follows:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. §1332, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court action was brought and is pending. Specifically, the United States District Court for the Southern District of California embraces San Diego County. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. In late May 2023, Progress Software Company ("PSC") discovered that an unauthorized threat actor exploited a previously unknown vulnerability in its file transfer software, MOVEit (the "MOVEit Incident"). As a result, the threat actor was able to access data from government, public, and private organizations worldwide. Within days of the MOVEit incident being announced, class action

lawsuits began to be filed all over the country. Those suits named—in various combinations—not just PSC, who owned and sold the software, but any identifiable downstream entity, including Defendant.

4. On or about December 19, 2023, Plaintiffs filed a Complaint against MES Vision in the State Court, styled as *Bradford Bosley and Patricia Bosley v. California Physicians' Services doing business as Blue Shield of California and Medical Eye Services, Inc. doing business as MESVision,* Case No. 37-2023-00054940-CU-CO-CTL (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit A** (The "Complaint").

5. On January 3, 2024, Defendant was served with the Complaint and Summons in the State Court Action. Attached hereto, and incorporated herein as **Exhibit B**, is a true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action.

6. Following the MOVEit Incident, Defendant provided notice of the MOVEit Incident to individuals whose information was potentially impacted by the MOVEit Incident.

7. Plaintiff Bradford Bosley and Plaintiff Patricia Bosley ("Plaintiffs") assert in the Complaint that they received a letter "[o]n or about November 2023" informing them of the MOVEit Incident. Ex. A, ¶ 16. They did not attach either of these alleged letters to the Complaint, but instead, attached the sample copy that Defendant was required to send to the California Attorney General.[1] That publicly-available notice describes the MOVEit Incident and contains placeholders for the date, the individual's name and address, and their specific credit monitoring code.

8. Plaintiffs plead eleven causes of action, alleging claims for (1) negligence; (2) breach of implied contract; (3) invasion of privacy; (4) violation of

---

[1] The notice attached by Plaintiffs was publicly posted to the internet by the California Attorney General and is available to any person who wishes to view it, regardless of whether they were impacted by the MOVEit Incident: https://oag.ca.gov/system/files/Blue%20Shield%20-%20Individual%20Notice%20Template%2011.17.2023%20%2812%20months%29.pdf

California Civil Code § 17200, *et seq.*; (5) violation of the California Confidentiality of Medical Information Act; (6) declaratory relief; (7) unjust enrichment; (8) violation of the California Civil Code § 1798.100 *et seq.*; (9) violation of California Civil Code § 1798.82 *et seq.*; (10) breach of confidence; (11) and breach of implied covenant of good faith and fair dealing. Plaintiffs allege that they "are at present risk and will continue to be at an increased risk of identity theft and fraud for years to come." *Id.* at ¶ 21. At bottom, Plaintiffs seek to recover damages to redress a purportedly *lifelong* injury. Plaintiffs seek an award of compensatory, consequential, nominal, statutory, and treble damages, injunctive relief, declaratory judgment, interest, attorneys' fees, costs and expenses, and "such other relief as the Court may allow." *Id.* at Prayer for Relief.

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as the Notice is being filed within 30 days of Defendant's receipt of a copy of the Summons and Complaint in the Action.

10. Defendant is informed and believes that these documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

11. Defendant California Physicians' Service d/b/a Blue Shield of California consents to this removal.

12. Defendant has not appeared in the State Court Action aside from filing the requisite notice of this Notice of Removal.

## CAFA JURISDICTION

13. Pursuant to CAFA, where the proposed class involves 100 or more members, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5). As set forth below, this is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d) because (1)

it is a civil action filed as a class action involving more than 100 putative class members; (2) the amount in controversy exceeds $5,000,000 based on the allegations that Plaintiffs set forth in the Complaint; and (3) minimal diversity exists between Plaintiffs and Defendant.

### SIZE OF THE PUTATIVE CLASS

14. CAFA provides that the district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). Plaintiffs allege that "[m]embers of the class are expected to be in or around 1 million patients and are so numerous that joinder is impracticable." Ex. ¶ 76. Accordingly, per the allegations in the Complaint, the putative class size is well above 100.

### AMOUNT IN CONTROVERSY UNDER CAFA

17. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. Here, that amount is $5,000,000, in the aggregate. *See, e.g., Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). "Generally, the amount in controversy is to be decided from the complaint itself." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449 (S.D. Cal. 1995) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)). But, if a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

18. Plaintiffs do not specifically allege an amount of damages or recoverable penalties in the Complaint, nor do they allege that the aggregate amount in controversy is less than $5,000,000. Therefore, MESVision "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 94 (2014) (holding defendants need not submit "evidence" establishing CAFA

jurisdiction in their removal papers; rather, defendants only need to provide "a short and plain statement of the grounds for removal"); *see also Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017).

19. Without conceding that Plaintiffs or the putative class members are entitled to or could recover damages in the amount or manner alleged, or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000.00, exclusive of interest and costs.

20. In Count Five, Plaintiffs alleges that they and the putative class members are entitled to "nominal damages of $1,000 per violation" for MES Vision's failure to "maintain, preserve, and store medical information" consistent with the California Confidentiality of Medical Information Act ("CMIA"). Ex. A, ¶ 187. Based on Plaintiffs' proposed one million member class size, this claim for nominal damages seeks damages of one billion dollars, far exceeding the $5 million jurisdictional threshold. Plaintiffs also seek in Count Five to recover actual damages, statutory damages, punitive damages, and reasonable attorney's fees and other litigation costs against Defendant. Adding the other categories of damages sought by Plaintiffs, it is irrefutable that the amount in controversy for Count Five alone exceeds $5,000,000.00.

## DIVERSITY OF CITIZENSHIP

21. CAFA's diversity requirement is satisfied when *any* member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2) (emphasis added). Courts consider the citizenship of all putative class members—both named and unnamed. *See id.* § 1332(d)(1)(D) (emphasis added.). The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986). In the Ninth Circuit, "[a] party's allegation of minimal diversity may be based on 'information and belief.' [citations omitted] The pleading 'need not contain

evidentiary submissions.'" *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)).

22. Here, Plaintiffs bring the Action on behalf of a "[a]ll persons to whom Defendants sent Notices of the Data Breach (herein after "The Class")" Ex. A at ¶ 73. Defendant mailed notices of the data breach to many states in the country. For example, MESVision notified the Washington Attorney General that the security incident involved approximately 35,746 Washington residents.[2] It notified the Texas Attorney General that the security incident involved approximately 19,248 Texas residents.[3] As alleged in the Complaint, MESVision is a California corporation with its headquarters located in Orange County, California. Because CAFA jurisdiction requires only that one member of the proposed class be a citizen of a state different than MESVision, minimal diversity is met.

23. Further, while Plaintiffs have the right to define their putative class, they may not "tailor a suit (or a series of suits) to avoid federal jurisdiction." *Simon v. Marriott Int'l, Inc.*, No. PWG-19-1702, 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019) (analyzing CAFA's requirements for diversity jurisdiction). This principle was recognized in *Marriott*, where the court reasoned that because the "primary objective of an MDL is to 'promote the just and efficient conduct of . . . actions,'" granting remand would run contrary to the MDL's goals of "streamlining the litigation process and encouraging settlement." *Id.* (omission in original) (citations omitted).

24. *Sanders v. Kia Am. Inc.*, No. 823CV00486JVSKESX, 2023 WL 3974966 (C.D. Cal. June 13, 2023) involved a virtually identical issue. The *Sanders*

---

[2] Information available at https://www.atg.wa.gov/data-breach-notifications. The Washington A.G.'s notification also links to the exact same generic letter that plaintiffs attached to their complaint as evidence that they were impacted by the security incident.

[3] Information available at https://oag.my.site.com/datasecuritybreachreport/apex/DataSecurityReportsPage.

court relied on *Marriott*, among other decisions, in holding that minimal diversity exists over an action where the multidistrict litigation putative subclass subsumed the named plaintiffs. *Id.* at *4.

25.　The reasoning of *Marriott* and *Sanders* applies with equal force here. On July 6, 2023, an application was filed with the United States Judicial Panel on Multidistrict Litigation ("JPML") to consolidate numerous federal court actions against PSC arising out of the same MOVEit incident at issue in the Complaint. *See In re: MOVEit Customer Data Security Breach Litigation*, MDL No. 3083, Dkt. No. 1 (J.P.M.L.).

26.　On October 4, 2023, the JPML issued a transfer order centralizing federal actions involving the MOVEit incident in the District of Massachusetts (the "MDL"), before the Honorable Allison Burroughs. *Id.* at Dkt. No. 312. Judge Burroughs has since held hearings, issued multiple orders, selected plaintiff leadership, and is in the process of setting a case management schedule that includes carefully established deadlines for discovery, motion practice, and other matters.

27.　Despite the ongoing MDL designed to efficiently coordinate the hundreds of actions related to the MOVEit Incident, Plaintiffs filed this action in California state court, bringing claims for damages as a result of the MOVEit Incident that are virtually indistinguishable from those already pending in the MDL.

28.　For instance, on November 29, 2023, a putative class action was filed against MESVision in the United States District Court for the District of Massachusetts. *See Sheets, et al. v. Medical Eye Services, Inc., et al.,* No. 1:23-cv-12892 (D. Mass.). That action has been transferred into the MDL and is currently pending before Judge Burroughs.

29.　Both Plaintiff Sheets and Bosley Plaintiffs allege that MESVision failed to "adequately protect the PII" of putative class members. *Sheets* at ¶ 9; *Bosley* at ¶ 191. They both assert that MESVision failed to implement and maintain reasonable security to prevent the MOVEit Incident. *Id.* at ¶ 167; *id.* at ¶ 204. They

both claim that MESVision failed to timely notify them of the MOVEit Incident. *Id.* at ¶188; *id.* at ¶ 95. They both allege current and ongoing harms directly related to these alleged failures on the part of MESVision. *Id.* at ¶ 206; *id.* at ¶ 78. And both bring claims of negligence based on these similar underlying factual support. *Id.* at ¶¶ 174-210; *id.* at ¶¶ 84.

30.  In addition to the *Sheets* matter, there are numerous other cases pending in the MDL of which Plaintiffs are already putative class members, specifically cases seeking to represent "Nationwide" classes and "California subclasses" of those impacted by the MOVEit Incident. *See e.g., Cheng v. Pension Benefit Info., LLC et al.*, Case No. 1:23-cv-12474-ADB (D. Mass.); *Landis et al v. Progress Software Corp., et al.*, Case No. 1:23-cv-12472-ADB (D. Mass.); *Taylor et al. v. Pension Benefit Info., LLC et al*, Case No. 1:12-cv-12477-ADB (D. Mass.). In light of these cases, Plaintiffs are already subsumed within the earlier filed federal cases currently pending in the MDL.

31.  As further example, on August 30, 2023, and October 10, 2023, two putative class actions were filed in the United States District Court for the District of Arizona arising out of the MOVEit Incident. Both actions were transferred into the MDL and are currently pending before Judge Burroughs. *See Valdivia v. Data Media Associates, LLC*, Case No. 1:23-cv-12976-ADB (D. Mass.); *Walsh v. Data Media Associates,* Case No. 1:23-cv-12977-ADB (D. Mass.).

32.  In *Walsh*, the plaintiff brought claims on behalf of herself and a nationwide class comprised of "***[a]ll individuals residing in the United States*** whose PII/PHI was compromised in the Data Breach . . . including all those who received notice of the breach." *See* Ex. C, ¶¶ 81–82 (emphasis added). Like here, the *Walsh* plaintiff seeks damages for herself and a Nationwide Class, alleging claims for negligence and invasion of privacy, among others. *See id.* at ¶¶ 93–113, 144–159. In *Valdivia*, the plaintiff also brought her complaint on behalf of herself and a "Nationwide" class. *See* Ex. D, ¶ 36. The *Valdivia* plaintiff also alleged a claim of

negligence against Defendant, as does Plaintiff in the instant action. *See id.* at ¶¶119–144.

33. The rejection of the litigation strategy at issue here has been noted and rejected not just in case law, but also in the class action treatise, *Expanded federal court jurisdiction over multistate actions*, 2 McLaughlin on Class Actions § 12:6 (20th ed.) (Oct. 2023 Update):

> The plaintiff generally can avoid CAFA jurisdiction by geographically circumscribing the definition of the proposed class to citizens of a single state. ***The district court may look beyond the class definition, however, where the plaintiff seeks to pursue a lawsuit in state court consisting of claims that already are included in a CAFA suit already pending in federal court.*** (Emphasis added.)

34. Because that is the scenario here, it is proper for the Court to look beyond the class definition for minimal diversity. Plaintiffs are already subsumed within the earlier filed putative class actions currently pending in the MDL, and thus "cannot simply evade federal jurisdiction by defining the putative class on a state-by-state basis, and then proceed to file virtually identical class action complaints in various state courts. Such conduct is precisely what the CAFA legislation was intended to eradicate." *Brook v. UnitedHealth Grp. Inc.*, No. 06 CV 12954 (GBD), 2007 WL 2827808, at *4 (S.D.N.Y. Sept. 27, 2007).

35. This Court has jurisdiction pursuant to CAFA because there is minimal diversity between the parties, the class exceeds 100 members, and the amount in controversy exceeds $5 million. In addition, Plaintiffs' Complaint attempts to skirt federal jurisdiction and CAFA's efficiency goals in order to divest the Court of jurisdiction over class members whose claims are properly before the MDL. As such, the Court has authority to maintain its existing jurisdiction.

## NOTICE

36. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiffs and is filing a copy of this

Notice of Removal with the Clerk of the San Diego County Superior Court.

Dated: February 2, 2024  **BAKER & HOSTETLER LLP**

By: */s/ Kyle T. Cutts*

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509.

On February 2, 2024, I served a copy of the within document(s):
**DEFENDANT MEDICAL EYE SERVICES, INC.'S NOTICE OF REMOVAL**

I electronically transmitted the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing on the following:

| | |
|---|---|
| Ronald A. Marron<br>Alexis M. Wood<br>Kas L. Gallucci<br>**LAW OFFICES OF RONALD A. MARRON**<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Email:     ron@consumersadvocates.com<br>            alexis@consumersadvocates.com<br>            kas@consumersadvocates.com | *Attorneys for Plaintiffs*<br>BRADFORD BOSLEY and PATRICIA BOSLEY |
| Michael J. Dailey<br>**GORDON REES SCULLY MANSUKHANI, LLP**<br>633 West Fifth Street, 52nd Floor<br>Los Angeles, CA 90071<br>D: 213-929-2418<br>M: 617-791-4831<br>Email:     *mdailey@grsm.com* | *Attorney for Defendant*<br>BLUE SHIELD OF CALIFORNIA |

I further certify that a copy of the foregoing document(s) was mailed via U.S. Mail and transmitted via e-mail to the person(s) listed above.

| | |
|---|---|
| ☑ | **VIA EMAIL:** by transmitting via electronic mail the document(s) listed above to the e mail address(es) set forth below on this date before 5:00 p.m. and the transmission was reported as complete and without error. |
| ☑ | **VIA U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 2, 2024, at Los Angeles, California.

_____
Roxana Guevara